John E. Lattin (SBN 167876)
OSTERGAR, LATTIN, JULANDER LLP
9110 Irvine Center Drive
Irvine, CA 92618
Telephone:   (949) 357-2544
Facsimile:    (949) 305-4591
E-mail: jlattin@ostergar.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BETH BARNHIZER, PAM BEDARD, DONNA BILL, SUE BRUE, ALMA D. CASILLAS, KIM DOUGLASS, JOSE MARIO V. ENCARNACION, ANGEL GARRIDO, PATRICIA LYNNE GIORDANO, SHERYL FANNIN SCHUCTER, and VICTORIA WISENER, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN AIRLINES, INC., <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR:** <br><br> **(1)  FRAUD;** <br> **(2)  NEGLIGENT MISREPRESENTATION AND DECEIT;** <br> **(3)  BREACH OF CONTRACT;** <br> **(4)  BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;** <br> **(5)  UNJUST ENRICHMENT** <br><br> **DEMAND FOR TRIAL BY JURY** |

Plaintiffs BETH BARNHIZER, PAM BEDARD, DONNA BILL, SUE BRUE, ALMA D. CASILLAS, KIM DOUGLASS, JOSE MARIO V. ENCARNACION, ANGEL GARRIDO, PATRICIA LYNNE GIORDANO, SHERYL FANNIN SCHUCTER, and VICTORIA WISENER ("Plaintiffs") bring this complaint against Defendant AMERICAN AIRLINES, INC. ("Defendant") for, inter alia, fraud and deceit, and negligent misrepresentation, and in support thereof allege as follows:

## THE PARTIES

1.      At all relevant times herein, Plaintiff BETH BARNHIZER is an individual domiciled in the State of California, County of Orange.

2.      At all relevant times herein, Plaintiff PAM BEDARD is an individual domiciled in the State of California, County of Orange.

3.      At all relevant times herein, Plaintiff DONNA BILL is an individual domiciled in the State of California, County of Orange.

4.      At all relevant times herein, Plaintiff SUE BRUE is an individual domiciled in the State of California, County of Orange.

5.      At all relevant times herein, Plaintiff ALMA D. CASILLAS is an individual domiciled in the State of California, County of Orange.

6.      At all relevant times herein, Plaintiff KIM DOUGLASS is an individual domiciled in the State of California, County of Orange.

7.      At all relevant times herein, Plaintiff JOSE MARIO V. ENCARNACION is an individual domiciled in the State of California, County of Orange.

8.      At all relevant times herein, Plaintiff ANGEL GARRIDO is an individual domiciled in the State of California, County of Orange.

9.      At all relevant times herein, Plaintiff PATRICIA LYNNE GIORDANO is an individual domiciled in the State of California, County of Orange.

10.      At all relevant times herein, SHERYL FANNIN SCHUCTER is an individual domiciled in the State of California, County of Orange.

11.      At all relevant times herein, Plaintiff VICTORIA WISENER is an individual domiciled in the State of California, County of Orange.

12.      Defendant is, and all relevant times alleged herein, was a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Fort Worth, Texas.

/ / /

/ / /

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C § 1332(a) because it involves a dispute between citizens domiciled in different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

14.     As set forth herein, complete diversity of citizenship exists between Plaintiffs and Defendant.

15.     At all relevant times herein, Plaintiffs are domiciled in the State of California when they elected the "Voluntary Early Out Program" ("VEOP") as alleged herein.

16.     With respect to Defendant, Defendant is a citizen of Delaware and Texas since the state of incorporation is in Delaware and its principal place of business in Texas.

17.     Venue and jurisdiction are appropriate in this judicial district because Defendant regularly conducts business in this district and division, and this district is the location where a substantial part of the events giving rise to the claim occurred.

## GENERAL ALLEGATIONS

**A.     Plaintiffs Were Flight Attendants for Defendant.**

18.     Defendant operates a commercial airline, including ongoing operations within this district and division.

19.     Plaintiffs were flight attendants who performed job duties of providing information, guidance, and assistance for safety and comfort to airline passengers and conducting safety checks.

**B.     In March 2020, Defendant Offered Plaintiffs (and Others) the VEOP.**

20.     On March 17, 2020, Defendant first announced its "Voluntary Early Out Program" ("March 2020 VEOP") to it flight attendants, including Plaintiffs, as consideration in exchange for their agreement to early retirement.  Initially, the March 2020 VEOP was scheduled to close on March 23, 2020.

21.     The March 2020 VEOP required flight attendants to have at least 10 years of seniority.

22.     Plaintiffs were not interested in the March 2020 VEOP and were inclined not to accept it because Plaintiffs preferred to continue working for Defendant and/or believed that if they continued working for Defendant, Defendant would make a better offer.

23.     Because their employee interest in selecting the March 2020 VEOP was far less than Defendant anticipated, Defendant extended the deadline several times, and ultimately extended the deadline to April 6, 2020.

**C.     On or About April 3, 2020, Defendant Made False Statements to Induce Plaintiffs (and Others) to Release Claims against Defendant.**

24.     Due to the fact that Plaintiffs (and others) were not accepting the March 2020 VEOP, Defendant began to pressure Plaintiffs to accept the March 2020 VEOP through various means, such as denying requests for leaves of absence and urging them to refrain from wearing masks on flights during the COVID-19 pandemic.

25.     Most significantly, Defendant pressured Plaintiffs to accept the March 2020 VEOP by falsely asserting that Defendant would not offer a better retirement package.

26.     On April 3, 2020, Defendant published that the final deadline for the March 2020 VEOP was April 6, 2020, and stated as follows:

> We first announced voluntary leave and early out options more than two weeks ago.  Since then, we've added extra incentives like pay and expanded benefits based on your feedback.  The company has also extended the deadline with each change to give team members more time to make a decision.  However, these proposals are now locked in. *There won't be any more changes to the plans*, and deadline of **Monday, April 6, 2359 CT** is firm.

27.     Thus, on April 3, 2020, Defendant affirmatively stated that there would not be any additional "incentives like pay and expanded benefits" to the VEOP to induce Plaintiffs (and others) to accept the VEOP.  As it turned out, Defendant representation that "There won't be any more changes to the plans" was false.

28.     On April 3, 2020, the VEOP offered two options (1) a "permanent separation from the company, but offers flight attendants 38 hours pay per month for 12 months (for a total of 456 hours) with full benefits and travel privileges.  After that, health, dental and medical benefits continue for 18 months at the same rates you pay today, but will be administered through COBRA" and (2) "the lump sum option" of 456 hours of pay, paid via a lump sum, no later than March 15, 2021.

29.     Based on Defendant's representation that there would be no more changes to the VEOP, Plaintiffs accepted the March 2020 VEOP on or about April 6, 2020. Then, on or about April 20, 2020, Defendant required Plaintiffs to sign a waiver of claims.  Plaintiffs were in the State of California when they accepted the March 2020 VEOP on or about April 6, 2020, and when they signed the waiver of claims on or about April 20, 2020.

**D.     Even Though Defendant Represented that There Would not be "Any More Changes" to the VEOP, Defendant Changed the VEOP *after* Plaintiffs Accepted It.**

30.     Four months later, on or about July 17, 2020, Defendant changed the VEOP and offered the new and improved VEOP to the remaining flight attendants (the "July 2020 VEOP").  The July 2020 VEOP included more valuable consideration than the original March 2020 VEOP, such as RHSA accounts (with a minimum value of $100,000) and 8 round trip airline tickets to any destination in the world.

31.     Thus, on or about July 17, 2020, Plaintiffs discovered that Defendant had made material misrepresentations (e.g., that Defendant would not offer a better retirement package and that there would be no changes to the VEOP) to induce Plaintiffs to accept the March 2020 VEOP.

**E.     The VEOP Contains a Texas Choice of Law Provision.**

32.     The VEOP expressly provides that the laws of the State of Texas will govern the construction of the VEOP and any disputes related to the General Release of Claims.

33.     Under the Texas Civil Practice and Remedies Code 16.004(a)(4) the statute of limitations for a fraud claim is four years, and under section 16.004, the statute of limitations for breach of contract is four years.

<u>**FIRST CAUSE OF ACTION**</u>

**FRAUD**

**(Against All Defendants)**

34.     Plaintiffs reallege each and every allegation contained in the foregoing and subsequent paragraphs, inclusive, as though set forth in full.

35.     Defendant represented to Plaintiffs that Defendant would not offer a better retirement package and would not make any more changes to the VEOP, as alleged above.

36.     Defendant knew that the representations, as set forth herein, were false and Defendant used the misrepresentations to induce Plaintiffs to accept an inferior retirement package.

37.     Defendant intended that Plaintiffs would rely on the representations as set forth herein.

38.     In reliance on the representations and in ignorance of the falsity thereof, Plaintiffs accepted the March 2020 VEOP.

39.     The aforementioned conduct of Defendant was an intentional misrepresentation, deceit or concealment of a material fact known to the Defendant with the intention of depriving Plaintiffs of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs rights so as to justify an award of exemplary and punitive damages.

40.     As a direct, foreseeable and proximate result of the aforementioned wrongful conduct of said Defendant, and each of them, Plaintiffs have suffered and continue to sustain substantial losses in earnings and other employment benefits, and other consequential economic losses, in an amount according to proof at the time of trial.

41.     As a direct, foreseeable and proximate result of the aforementioned wrongful conduct of said Defendant, Plaintiffs have suffered humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in an amount according to proof at the time of trial.

42.     The above-described acts by said Defendant, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiffs.  Such acts were despicable, and constitute malice, fraud and/or oppression.  In doing the things herein alleged, said Defendant was guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of Defendant, Defendant authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Defendant, all entitling Plaintiffs to the recovery of exemplary and punitive damages in an amount to be proven at the time of trial.

43.     Plaintiffs have also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## SECOND CAUSE OF ACTION

### Negligent Misrepresentation/Deceit

### (Against All Defendants)

44.     Plaintiffs reallege each and every allegation contained in the foregoing and subsequent paragraphs, inclusive, as though set forth in full.

45.     Defendant represented to Plaintiffs that Defendant would not offer a better retirement package and would not make any more changes to the VEOP.  Said representations were false.  Defendant used the misrepresentations to induce Plaintiffs to accept the March 2020 VEOP, a result Defendant could not have achieved had they been truthful.

46.     Defendant knew that the representations, as set forth herein, were false and intended to conceal the true facts from Plaintiffs to unlawfully persuade Plaintiffs to accept the March 2020 VEOP, which an inferior retirement package.

47.     Defendant intended that Plaintiffs would rely on the representations as set forth herein. In reliance on the representations and in ignorance of the falsity thereof, Plaintiffs accepted the March 2020 VEOP.

48.     Plaintiffs did not discover the misrepresentations and deceit practiced upon them as set forth herein until after Defendant offered an improved VEOP in July 2020, and thereby Plaintiffs realized that Defendant's representations in March 2020 that Defendant would not offer a better retirement package and would not made any addition changes to the March 2020 VEOP were false.

49.     As a direct, foreseeable and proximate result of the aforementioned wrongful conduct of said Defendant, and each of them, Plaintiffs have suffered and continue to sustain substantial losses in earnings and other employment benefits, and other consequential economic losses, in an amount according to proof at the time of trial.

50.     As a direct, foreseeable and proximate result of the aforementioned wrongful conduct of said Defendant, Plaintiffs have suffered humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in an amount according to proof at the time of trial.

51.     The above-described acts by said Defendant, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiffs.  Such acts

were despicable, and constitute malice, fraud and/or oppression.  In doing the things herein alleged, said Defendant was guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of Defendant, Defendant authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Defendant, all entitling Plaintiffs to the recovery of exemplary and punitive damages in an amount to be proven at the time of trial.

52.    Plaintiffs have also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT
### (Against All Defendants)

53.    Plaintiffs reallege each and every allegation contained in the foregoing and subsequent paragraphs, inclusive, as though set forth in full.

54.    Defendant offered, and based on Defendant's false representations as alleged herein, Plaintiffs accepted the March 2020 VEOP.  Defendant knew or had reason to know that Plaintiffs accepted the March 2020 VEOP based on Plaintiffs' reasonable expectations that Defendant would not offer a better retirement package and/or make any changes to the VEOP.  Plaintiffs performed their duties under the contract.

55.    Defendant breached the contact, *inter alia*, through their fraudulent conduct in offering more favorable terms in the July 2020 VEOP to the flight attendants who refused to accept the March 2020 VEOP and changing the terms of the VEOP contrary to Defendant's express, written promises to the contrary.

56.    Defendant has refused and continues to refuse to allow Plaintiffs the benefits of July 2020 VEOP.

57.     As a direct, foreseeable, and proximate result of Defendant's breach, Plaintiffs have suffered and continues to suffer substantial losses in earnings, bonuses, and job benefits in an amount to be proven at trial.

58.     As a further direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time, and the amount of damages caused by Defendant's conduct in an amount to be proven at the time of trial.

## FOURTH CAUSE OF ACTION

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against All Defendants)

59.     Plaintiffs reallege each and every allegation contained in the foregoing and subsequent paragraphs, inclusive, as though set forth in full.

60.     As a result of the employment relationship that existed between Plaintiffs and Defendant, the express and implied promises made in connection with that relationship, and the acts, conduct, and communications resulting in these implied promises, Defendant promised to act in good faith toward and deal fairly with Plaintiff. This requires, among other things, that: (a) each party in the relationship must act with good faith toward the other concerning all matters related to the employment; (b) each party in the relationship must act with fairness toward the other concerning all matters related to the employment; (c) neither party would take any action to unfairly prevent the other from obtaining the benefits of the employment relationship; (d) Defendant would comply with its own representations, rules, policies, and procedures in dealing with Plaintiff; (e) Defendant would compensate and employ Plaintiffs in good faith on Defendant's part; and (f) Defendant would give Plaintiff's interests as much consideration as they gave their own interests.

61.     Defendant's misrepresentations regarding the VEOP were wrongful, in bad faith, and unfair, and therefore a violation of Defendant's legal duties. Plaintiffs

further alleges that Defendant breached the covenant of good faith and fair dealing when it: (a) making material misrepresentations to Plaintiffs to induce Plaintiffs to accept the terms of the March 2020 VEOP; (b) unfairly preventing Plaintiffs from obtaining the benefits of his employment relationship; and (c) failing and/or refusing to offer Plaintiffs the terms of the July 2020 VEOP.

62.     Defendant's breach of the covenant of good faith and fair dealing was a substantial factor in causing damage and injury to Plaintiffs. As a direct and proximate result of Defendant's unlawful conduct alleged herein, Plaintiffs have lost substantial employment benefits with Defendant, including loss of reputation, lost wages, and other employee fringe benefits in an amount to be proven at trial.

63.     As a further direct and proximate result of Defendant's wrongful conduct, Plaintiffs have suffered extreme anguish, humiliation, and emotional distress, in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

**(Against All Defendants)**

64.     Plaintiffs realleges each and every allegation contained in the foregoing and subsequent paragraphs, inclusive, as though set forth in full.

65.     Plaintiffs conferred upon Defendant an economic benefit in the nature of the unpaid benefits to Plaintiffs under the July 2020 VEOP, in the amount of approximately $2 million that Defendant wrongfully failed to pay Plaintiffs.

66.     Defendant's financial benefit resulting from their unlawful and inequitable conduct are economically traceable to their failure to pay Plaintiffs the July 2020 VEOP.  The economic benefit of the unlawful profits retained by Defendant are a direct and proximate result of their unlawful practices.

67.     It would be unjust and inequitable for Defendant to be permitted to retain any of the unlawful proceeds derived from their fraudulent, illegal, and inequitable conduct.

## **<u>PRAYER</u>**

**WHEREFORE,** Plaintiffs pray for judgment against Defendant as to all causes of action as follows:

1.      For general and special damages according to proof at trial, including prejudgment interest thereon;

2.      For exemplary and punitive damages in an amount according to proof at trial;

3.      For compensatory damages;

4.      For prejudgment and post judgment interest;

5.      For Plaintiff's attorneys' fees and costs of suit incurred herein to the extent provided by contract, statute, or other law; and

6.      For such other further relief as the court may deem necessary, just, or proper.

DATED:  April 10, 2024                    OSTERGAR LATTIN JULANDER LLP

By _____
John E. Lattin
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES

## **JURY DEMAND**

Plaintiffs hereby demand a jury trial on all causes of action.

DATED:  April 10, 2024                    OSTERGAR LATTIN JULANDER LLP

By _____

John E. Lattin
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES