1  MARK W. ROBERTSON (S.B. #200220)
   mrobertson@omm.com
2  O'MELVENY & MYERS LLP
   7 Times Square
3  New York, NY 10036
   Telephone:  +1 212 326 2000
4  Facsimile:   +1 212 326 2061

5  JASON ZARROW (S.B. #297979)
   jzarrow@omm.com
6  KELLY WOOD (S.B. #267518)
   kwood@omm.com
7  O'MELVENY & MYERS LLP
   400 South Hope Street, 18th Floor
8  Los Angeles, CA 90071-2899
   Telephone:  +1 213 430 6000
9  Facsimile:   +1 213 430 6407

10 *Attorneys for Defendant American Airlines, Inc.*

11          **UNITED STATES DISTRICT COURT**
12          **CENTRAL DISTRICT OF CALIFORNIA**

13 | BETH BARNHIZER, PAM BEDARD, | Case No. 8:24-cv-00791 |
14 | DONNA BILL, SUE BRUE, ALMA | |
   | D. CASILLAS, KIM DOUGLASS, | **DEFENDANT AMERICAN** |
15 | JOSE MARIO V. ENCARNACION, | **AIRLINES, INC.'S MOTION TO** |
16 | ANGEL GARRIDO, PATRICIA | **DISMISS OR ALTERNATIVELY** |
   | LYNNE GIORDANO, SHERYL | **TO TRANSFER; AND** |
17 | FANNIN SCHUCTER, and | **MEMORANDUM OF POINTS** |
18 | VICTORIA WISENER, | **AND AUTHORITIES IN SUPPORT** |

19        Plaintiffs,
                                 Date:   July 1, 2024
20     v.                        Time:   8:30am
                                 Judge:  Hon. David O. Carter
21 AMERICAN AIRLINES, INC,       Courtroom:  10A
22
23        Defendant.
24
25
26
27
28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on July 1, 2024, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 10A of the above court, located at 411 West Fourth Street, Santa Ana, CA 92701, Defendant American Airlines, Inc. ("American"), by and through its counsel, will and does move this Court for an order dismissing the complaint of Plaintiffs Beth Barnhizer, Pam Bedard, Donna Bill, Sue Brue, Alma D. Casillas, Kim Douglass, Jose Mario V. Encarnacion, Angel Garrido, Patricia Lynne Giordano, Sheryl Fannin Schucter, and Victoria Wisener ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative transferring the complaint to the Northern District of Texas, Fort Worth Division pursuant to 28 U.S.C. § 1404(a).  American makes this motion on the grounds that Plaintiffs' suit is barred by *res judicata* and by releases Plaintiffs signed, that Plaintiffs' claims are legally insufficient and untimely, and that Plaintiffs agreed to litigate this dispute in Texas.

This motion is made following a conference of counsel pursuant to Local Rule 7-3, which took place on April 30, 2024, when the parties discussed the substance and potential resolution of the filed motion.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the exhibits accompanying the attached Declaration of Mark W. Robertson, the pleadings and papers on file in this action, and such other evidence and argument as may be properly received by the Court.

1    Dated: May 7, 2024                    **O'MELVENY & MYERS LLP**

2

3                                          By:  */s/ Mark W. Robertson*

4                                          Mark W. Robertson

5                                          mrobertson@omm.com

6                                          *Attorneys for Defendant American*

7                                          *Airlines, Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................... 1

PLAINTIFFS' ALLEGATIONS AND THEIR PRIOR LAWSUIT ...................... 3

    A.    American's March 2020 and July 2020 VEOPs ...................... 3

    B.    Plaintiffs' Prior Lawsuit ......................................................... 5

    C.    This Lawsuit .......................................................................... 6

LEGAL STANDARD ............................................................................................ 6

ARGUMENT.......................................................................................................... 7

    I.    PLAINTIFFS' SUIT IS BARRED BY *RES JUDICATA* .................... 7

    II.    PLAINTIFFS RELEASED THEIR CLAIMS .................................. 10

    III.    PLAINTIFFS' CLAIMS ALL FAIL BECAUSE THEY DO NOT ALLEGE A MISREPRESENTATION ..................................... 11

    IV.    PLAINTIFFS' CLAIMS FAIL FOR ADDITIONAL REASONS ..... 13

        A.    Plaintiffs' Negligent Misrepresentation and Unjust Enrichment Claims Are Time-Barred (Counts 2 and 5).......... 13

        B.    Plaintiffs Do Not Plausibly Allege that American Breached Any Contractual Promise (Count 3) ...................... 14

        C.    Plaintiffs Do Not Plausibly Allege a Breach of the Covenant of Good Faith and Fair Dealing (Count 4) .............. 15

    V.    IN THE ALTERNATIVE, THIS MATTER SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF TEXAS ............................................................................................. 16

CONCLUSION.................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Almaznai v. S-L Distrib. Co.*,
   2021 WL 4457025 (N.D. Cal. June 21, 2021) ...................................................9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .........................................................................................6

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
   571 U.S. 49 (2013) .....................................................................................7, 17

*Bank of N.Y. Mellon v. Citibank, N.A.*,
   8 Cal. App. 5th 935 (Cal. App. 2d Dist. 2017), as modified Mar. 1,
   2017 ................................................................................................................13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .........................................................................................6

*Bennett v. Ohio Nat'l Life Assurance Corp.*,
   92 Cal. App. 5th 723 (Cal. App. 1st Dist. 2023) ...........................................13

*Campbell v. City of Los Angeles*,
   903 F.3d 1090 (9th Cir. 2018) ......................................................................8, 9

*Canaday v. Anthem Cos.*,
   9 F.4th 392 (6th Cir. 2021) ...............................................................................8

*Chartis Specialty Ins. Co. v. Tesoro Corp.*,
   930 F. Supp. 2d 653 (W.D. Tex. 2013) ..........................................................15

*City of Midland v. O'Bryant*,
   18 S.W.3d 209 (Tex. 2000) .............................................................................15

*Dresser Indus., Inc. v. Page Petroleum, Inc.*,
   853 S.W.2d 505 (Tex. 1993) ...........................................................................10

*Fed. Deposit Ins. Corp. v. Dintino*,
   167 Cal. App. 4th 333 (Cal. App. 4th Dist. 2008) ..........................................13

*Hanna v. S-L Distrib. Co.*,
   2021 WL 51581 (M.D. Pa. Jan. 6, 2021) .........................................................9

**TABLE OF AUTHORITIES**
(Continued)

Page(s)

*HECI Exploration Co v. Neel*,
    982 S.W.2d 881 (Tex. 1998) ................................................................. 13

*Indem. Ins. Co. of N. Am. v. W.L. Macatee & Sons*,
    101 S.W.2d 553 (Tex. Comm'n App. 1937) ........................................... 10

*ISG State Operations, Inc. v. Nat'l Heritage Ins. Co.*,
    234 S.W.3d 711 (Tex. App. 2007) ......................................................... 15

*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*,
    341 S.W.3d 323 (Tex. 2011) .................................................................. 14

*John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*,
    119 F.3d 1070 (3d Cir. 1997) ................................................................ 16

*Kincheloe v. American Airlines, Inc.*,
    2021 WL 4339198 (N.D. Cal. Sept. 23, 2021) ........................................ 5

*Kincheloe v. American Airlines, Inc.*,
    2022 WL 1409235 (N.D. Cal. May 4, 2022) ................................. passim

*Kincheloe v. American Airlines, Inc.*,
    2023 WL 3299989 (9th Cir. May 8, 2023) .......................................... 1, 6

*Kincheloe v. American Airlines, Inc.*,
    No. 5:21-cv-515 (N.D. Cal.) .......................................................... 1, 5, 7

*Kowbel v. Univ. of S. Cal.*, No. 2019 WL 13241612 (C.D. Cal. Oct. 22,
    2019), *aff'd*, 827 F. App'x 794 (9th Cir. 2020) ..................................... 9

*Marburger v. Seminole Pipeline Co.*,
    957 S.W.2d 82 (Tex. App. 1997) .......................................................... 13

*MGA Ent., Inc. v. Mattel, Inc.*,
    2012 WL 569389 (C.D. Cal. Feb. 21, 2012) ........................................... 9

*Nat'l Prop. Holdings, L.P. v. Westergren*,
    453 S.W.3d 419 (Tex. 2015) .................................................................. 10

*Owens v. Kaiser Found. Health Plan, Inc.*,
    244 F.3d 708 (9th Cir. 2001) .............................................................. 8, 9

- iii -

1

2

**TABLE OF AUTHORITIES**
(Continued)

Page(s)

3

4
*Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*,
  574 S.W.3d 882 (Tex. 2019) .................................................................. 14

5

6
*Prickett v. DeKalb Cnty.*,
  349 F.3d 1294 (11th Cir. 2003) ............................................................... 8

7

8
*Republic Ins. Co. v. Stoker*,
  903 S.W.2d 338 (Tex. 1995) ................................................................. 15

9
*Sams v. Yahoo! Inc.*,
  713 F.3d 1175 (9th Cir. 2013) ................................................................. 6

10

11
*Scott v. Chipotle Mexican Grill, Inc.*,
  300 F.R.D. 193 (S.D.N.Y. 2014) ............................................................ 9

12

13
*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
  549 U.S. 422 (2007) .............................................................................. 16

14

15
*Spallino v. Charter Commc'ns Inc.*,
  2018 WL 6011541 (C.D. Cal. June 5, 2018) .......................................... 5

16

17
*Stewart v. U.S. Bancorp*,
  297 F.3d 953 (9th Cir. 2002) .............................................................. 8, 9

18

19
*Sullivan v. First Affiliated Sec., Inc.*,
  813 F.2d 1368 (9th Cir. 1987) ................................................................. 8

20

21
*Sun v. Advanced China Healthcare, Inc.*,
  901 F.3d 1081 (9th Cir. 2018) ............................................................... 16

22
*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*,
  322 F.3d 1064 (9th Cir. 2003) ................................................................. 9

23

24
*United States ex rel. Barajas v. Northrop Corp.*,
  147 F.3d 905 (9th Cir. 1998) ................................................................... 8

25

26
*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ................................................................... 3

27

28
*United States v. Wanland*,
  830 F.3d 947 (9th Cir. 2016) ................................................................... 8

- iv -

1
2

**TABLE OF AUTHORITIES**
**(Continued)**

**Page(s)**

3   **Statutes**

4   28 U.S.C. § 1404(a) ......................................................................... 7

5   29 U.S.C. § 216(b) ...................................................................... 5, 8

6
7   29 U.S.C. § 626(b) ...................................................................... 5, 8

8   Cal. Civ. Proc. Code § 338(d) ...................................................... 13

9   Cal. Civ. Proc. Code § 339(1) ...................................................... 13

10  **Rules**

11  Fed. R. Civ. P. 12(b)(6) .................................................................. 6

12  **Other Authorities**

13  Restatement (Second) of Contracts § 17(1) (1981) ..................... 14

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TABLE OF AUTHORITIES
8:24-CV-00791

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

In early 2020, the COVID-19 pandemic devastated the airline industry. With demand for air travel plummeting, and with drastic reductions in flights and revenue, American needed to reduce staffing to lower its costs. In an effort to do so while mitigating the scope of involuntary furloughs, American offered numerous employees, including flight attendants, the option to take a leave of absence or separate from the company. The separation option proposed in March 2020 was called the Voluntary Early Out Program ("VEOP"), and it provided separating flight attendants approximately 50% of their annual wages, along with other benefits.

In *Kincheloe v. American Airlines, Inc.*, No. 5:21-cv-515 (N.D. Cal.), a group of former American flight attendants brought suit claiming that American's March 2020 VEOP violated federal law. A central contention of that lawsuit was that American misled flight attendants by stating on April 3, 2020, that the airline would be "making no further changes to any of the programs" offered at that time. Robertson Decl. Ex. 13, ¶ 20 (*Kincheloe* Compl.). According to the *Kincheloe* plaintiffs, that statement was false because American later—with the COVID-19 pandemic still raging—offered a different and more generous VEOP in July 2020. *See id.* ¶ 56. The Northern District of California dismissed the *Kincheloe* litigation, 2022 WL 1409235, at *1 (N.D. Cal. May 4, 2022), and the Ninth Circuit affirmed, 2023 WL 3299989, at *1 (9th Cir. May 8, 2023).

The Plaintiffs here—all of whom voluntarily opted into the *Kincheloe* litigation as plaintiffs—now seek a second bite at this issue. Just as in *Kincheloe*, they allege that American misrepresented its early-pandemic plans when it stated in April 2020 that it would be making no further changes to the first VEOP. This time, however, they re-package that allegation into five common-law claims. Those claims should be dismissed.

1    *First*, Plaintiffs are barred by *res judicata* from relitigating this issue.  *Res*

2    *judicata*, also known as claim preclusion, bars a plaintiff from litigating a claim that

3    was or could have been brought in a prior action.  Here, Plaintiffs obviously could

4    have brought their common-law claims premised on American's April 2020

5    statement that it would not make more changes to the first VEOP in the *Kincheloe*

6    case, as demonstrated by the fact that they challenged that very statement in

7    *Kincheloe*.

8    *Second*, Plaintiffs released their claims against American.  They

9    acknowledge they signed releases as part of the March 2020 VEOP.  And those

10   releases expressly cover each of the causes of action they assert here.

11   *Third*, each of Plaintiffs' claims is based on their contention that American

12   made a misrepresentation about the first VEOP in April 2020, but Plaintiffs fail to

13   allege an actual misrepresentation.  The statement at the heart of Plaintiffs' claims

14   reads in relevant part: "these proposals"—i.e., the March 2020 VEOP and voluntary

15   leave of absence plan—"are now locked in" and "[t]here won't be any more

16   changes to the plans."  But Plaintiffs allege no facts suggesting that statement is

17   false.  American did *not* make any changes to either plan, including the March 2020

18   VEOP.  Rather, it offered (in Plaintiffs' own words) a "new and improved VEOP"

19   in July 2020—i.e., a different VEOP.  No reasonable person in Plaintiffs' position

20   would read American's statement that it was not making "any more changes" to the

21   existing VEOP to mean that it was promising not to offer a new and different

22   VEOP if future exigencies required, especially in the context of a rapidly evolving

23   global pandemic.

24   *Fourth*, each of Plaintiffs' five causes of action is time-barred or fails to state

25   a claim.

26   For any and all of these reasons, this Court should dismiss the complaint.  In

27   the alternative, the Court should transfer this action to the Northern District of

28

MEM. OF PTS. & AUTHS.
8:24-CV-00791

Texas, Fort Worth Division.  Plaintiffs agreed in the VEOP to litigate their claims there, and the Court should enforce that agreement.

## PLAINTIFFS' ALLEGATIONS AND THEIR PRIOR LAWSUIT

### A.    American's March 2020 and July 2020 VEOPs

In March 2020, demand for air travel collapsed and with it American's revenues.  To avoid involuntary furloughs, American offered its flight attendants two voluntary options.  The first was a voluntary early out program—the March 2020 VEOP.   Compl. ¶ 20.  Under that program, flight attendants who voluntarily left their employment at American would receive 456 hours of pay, along with benefits.  *Id.* ¶ 28.  The second was a "voluntary leave" program, under which flight attendants would continue to be employed but would be placed on a leave of absence.  *Id*. ¶ 26 (quoting Robertson Decl. Ex. 1).[1]

The March 2020 VEOP was initially scheduled to close on March 23, 2020.  Compl. ¶ 20.  But American extended that deadline "several times" to "give team members more time to make a decision," and also changed the terms of the VEOP by "add[ing] extra incentives like pay and expanded benefits" based on flight attendants' "feedback."  *Id.* ¶¶ 23, 26.

On April 3, 2020, American sent the announcement that is central to this suit.  After explaining the prior extensions and additional benefits, American stated that its VEOP and voluntary leave proposals were "now locked in."  Compl. ¶ 26; *see* Robertson Decl. Ex. 1.  And it stated that there "won't be any more changes to the plans"—i.e., the March 2020 VEOP and voluntary leave program—and that the deadline of April 6, 2020 was "firm."  Compl. ¶ 26.

---

[1] The April 3 Update describing these programs and quoted in the complaint, as well as the releases signed by Plaintiffs (*see* Compl. ¶¶ 26, 29, 32-33, attached as Robertson Declaration Exhibits 1-12), are incorporated by reference into the complaint and thus are appropriately considered on a motion to dismiss.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

MEM. OF PTS. & AUTHS.
8:24-CV-00791

All 11 Plaintiffs here accepted the March 2020 VEOP.  Compl. ¶ 29.  As part of the March 2020 VEOP, Plaintiffs signed a document titled "SEVERANCE AGREEMENT AND GENERAL RELEASE OF CLAIMS," memorializing the terms of the parties' agreement.  *E.g.*, Robertson Decl. Ex. 2; *see* Compl. ¶ 29 (alleging that the choice-of-law provision in this agreement was part of "[t]he VEOP").  In the third paragraph of the agreement, Plaintiffs released "any and all claims" arising "by reason of the circumstances surrounding my separation from employment," including "breach of contract," "fraud," "negligence," "breach of covenant of good faith and fair dealing," and "any tort claim."  *E.g.*, Robertson Decl. Ex. 2, ¶ 3.

The agreement also contains a merger clause:  "This General Release constitutes and contains the entire agreement and understanding between the Parties concerning Employee's participation in the VEOP and supersedes and replaces any prior negotiations and/or all agreements, proposed or otherwise, whether written or oral, concerning the VEOP and General Release."  *See, e.g.*, *id.* ¶ 8.  It contains a choice-of-law provision, designating Texas law, which Plaintiffs rely on in their complaint.  *Id.* ¶ 7; *see* Compl. ¶¶ 32-33.  Finally, it contains a forum-selection clause:  Plaintiffs agreed that "any legal action" relating to the agreement "shall be instituted and prosecuted in Tarrant County, Texas."  *E.g.*, Robertson Decl. Ex. 2, ¶ 7.

In July 2020, with the COVID-19 pandemic still a critical threat to the airline industry, American offered what Plaintiffs call a "new and improved VEOP."  Compl. ¶ 30.  Plaintiffs allege that the July 2020 VEOP was more generous than the March 2020 VEOP because it included a retirement account and free travel tickets.  *Id.*  This suit claims that American's creation of the July 2020 VEOP contradicted American's earlier statement that it would not make any changes to the plans in existence in March 2020.  As explained below, this is not the first time Plaintiffs have made this allegation.

MEM. OF PTS. & AUTHS.
8:24-CV-00791

## B.      Plaintiffs' Prior Lawsuit

In 2021, several former American flight attendants filed suit in the Northern District of California challenging the March and July 2020 VEOPs, claiming they violated the Age Discrimination in Employment Act ("ADEA").  *Kincheloe v. American Airlines*, No. 5:21-cv-515 (N.D. Cal.).  Among other things, the *Kincheloe* plaintiffs alleged that American "pressured" older flight attendants into accepting the March 2020 VEOP.  *Kincheloe* Compl. ¶ 16.  That pressure arose, the *Kincheloe* plaintiffs argued, partly because American stated that it would not make further changes to the March 2020 VEOP, only to later make a "new offer" in the July 2020 VEOP.  *Id.* ¶¶ 20, 56.

Because ADEA suits follow a collective-action procedure, *see* 29 U.S.C. §§ 216(b), 626(b), flight attendants were entitled to opt-in and become a plaintiff to the *Kincheloe* litigation.  All 11 Plaintiffs here filed opt-in notices.  Robertson Decl. Exs. 14-18.  Those notices stated that Plaintiffs "ch[o]se to opt into and join the collective action lawsuit titled Kincheloe."  *See, e.g.*, Robertson Decl. Ex. 14, at 4.  By opting-in, Plaintiffs "agree[d] to be bound by … any adjudication of this action by a court, whether it is favorable or unfavorable."  *Id.*[2]

The district court dismissed the *Kincheloe* complaint twice.  The first dismissal was with leave to amend, 2021 WL 4339198, at *1 (N.D. Cal. Sept. 23, 2021); the second without, 2022 WL 1409235, at *1 (N.D. Cal. May 4, 2022).  Plaintiffs appealed to the Ninth Circuit, which affirmed.  2023 WL 3299989, at *1

---

[2] The Court may take judicial notice of filings in *Kincheloe*.  *See Spallino v. Charter Commc'ns Inc.*, 2018 WL 6011541, at *4 (C.D. Cal. June 5, 2018) (Carter, J.) ("[A] court may take judicial notice of court filings and other matters of public record.").  The documents that American asks the Court to notice include the final operative complaint (Robertson Decl. Ex. 13), as well as the four docket notices collectively showing that each Plaintiff here opted into the *Kincheloe* suit (Robertson Decl. Exs. 14-18).  For the convenience of the Court, American has removed from those documents the opt-in forms signed by individuals who are not Plaintiffs here.

1 | (9th Cir. May 8, 2023).  That litigation is now final.

2 |           **C.    This Lawsuit**

3 |           After multiple years of litigating and ultimately losing in *Kincheloe*,

4 | Plaintiffs filed this lawsuit.  The core of Plaintiffs' current complaint is American's

5 | statement in April 2020 that "[t]here won't be any more changes to the plans,"

6 | Compl. ¶ 26, which Plaintiffs claim was somehow a promise not to "offer a better

7 | retirement package" at any point in the future, *id*. ¶ 25.  Plaintiffs contend that

8 | American's April 2020 statement was false because American offered a second

9 | VEOP in July 2020.  *Id*. ¶ 30.  They acknowledge, however, that the July 2020

10 | VEOP was a "new … VEOP." *Id*.

11 |           In their complaint, Plaintiffs assert five counts: (1) fraud, *id*. ¶¶ 34-43; (2)

12 | negligent misrepresentation or deceit, *id*. ¶¶ 44-52; (3) breach of contract, *id*. ¶¶ 53-

13 | 58; (4) breach of the covenant of good faith and fair dealing, *id*. ¶¶ 59-63; and (5)

14 | unjust enrichment, *id*. ¶¶ 64-67.

15 |                                   **LEGAL STANDARD**

16 |           To prevail on a motion to dismiss, the moving party must show that the

17 | allegations contained in the complaint, taken as true, are insufficient as a matter of

18 | law to state a claim for relief.  *See* Fed. R. Civ. P. 12(b)(6).  To survive a motion to

19 | dismiss, the pleading party must allege enough facts to state a claim for relief that is

20 | "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  That standard

21 | requires more than "labels and conclusions": a "formulaic recitation of the elements

22 | of a cause of action will not do." *Id.* at 678.  Courts "are not bound to accept as true

23 | a legal conclusion couched as a factual allegation," *Bell Atl. Corp. v. Twombly*, 550

24 | U.S. 544, 555 (2007), and "a bare assertion" of an element "will not suffice," *id.* at

25 | 556.  The "assertion of an affirmative defense may be considered properly on a

26 | motion to dismiss where the allegations in the complaint suffice to establish the

27 | defense." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quotations

28 | omitted).

MEM. OF PTS. & AUTHS.
8:24-CV-00791

1    "For the convenience of parties and witnesses, in the interest of justice, a

2    district court may transfer any civil action to any other district or division where it

3    might have been brought or to any district or division to which all parties have

4    consented."  28 U.S.C. § 1404(a).  Where parties have agreed to a forum-selection

5    clause, that clause should be "given controlling weight in all but the most

6    exceptional cases."  *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*,

7    571 U.S. 49, 63 (2013).

8                                    **ARGUMENT**

9        Plaintiffs' complaint suffers from multiple independent defects.  The suit is

10   barred by *res judicata* because all of Plaintiffs' claims could have been brought in

11   the *Kincheloe* action.  Plaintiffs also released their claims against American.  And

12   beyond these threshold defects, Plaintiffs fail to allege critical elements of their

13   causes of action, including one element—the falsity of American's April 2020

14   statement—that is necessary to all of their claims.  Further, each claim suffers from

15   claim-specific deficiencies.  In the alternative, the Court should transfer the case to

16   the forum where the parties agreed to litigate this controversy.

17   **I.    PLAINTIFFS' SUIT IS BARRED BY *RES JUDICATA***

18       In *Kincheloe v. American Airlines*, No. 5:21-cv-515 (N.D. Cal.), the 11

19   Plaintiffs here opted into a collective action under the ADEA brought by former

20   American flight attendants, asserting that the March 2020 VEOP amounted to a

21   constructive discharge.  *See* Robertson Decl. Exs. 14-18.  There, as here, Plaintiffs

22   alleged that American falsely represented in April 2020 that the terms of the March

23   2020 VEOP would not change, only to offer another, more favorable VEOP in July

24   2020.  *Kincheloe* Compl. ¶ 20; *see also Kincheloe*, 2022 WL 1409235, at *3

25   (discussing plaintiffs' contention that American "misinform[ed] flight attendants

26   that there would be no subsequent early retirement offers").   The *Kincheloe*

27   litigation is now final.  And it bars Plaintiffs' suit.

28

                                        -7-                    MEM. OF PTS. & AUTHS.
                                                              8:24-CV-00791

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). *Res judicata* applies whenever there is "(1) privity between parties in the actions; (2) an identity of claims between actions; and (3) a final judgment on the merits in the previous action." *United States v. Wanland*, 830 F.3d 947, 956 (9th Cir. 2016).[3] All three elements of *res judicata* are present here.

**Privity.** American was the defendant in *Kincheloe*. And each Plaintiff opted into the *Kincheloe* litigation as a plaintiff there. In a collective action, a person who opts in becomes a "party plaintiff," 29 U.S.C. §§ 216(b), 626(b), who enjoys "the same status in relation to the claims of the lawsuit as do the named plaintiffs," *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018) (quoting *Prickett v. DeKalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003) (alterations removed)); *see Canaday v. Anthem Cos.*, 9 F.4th 392, 402 (6th Cir. 2021) ("[A]ll plaintiffs in an FLSA collective action must affirmatively choose to 'become parties' by opting into the collective action."). Indeed, Plaintiffs' opt-in notices expressly affirmed that they agreed to "be bound by … any adjudication of this [*Kincheloe*] action by a court, whether it is favorable or unfavorable." *See* Robertson Decl. Exs. 14-18. Accordingly, there is privity between the parties.

**Identity of claims.** The identity-of-claims element encompasses all claims that "were raised or could have been raised in a prior action" between the parties. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quotations omitted). "It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998); *see also Owens*, 244 F.3d at 714.

---

[3] Because *Kincheloe* was a federal case, federal law governs the application of *res judicata*. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1376 (9th Cir. 1987).

"The central criterion for determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Owens*, 244 F.3d at 714 (quotations omitted); *see also, e.g.*, *MGA Ent., Inc. v. Mattel, Inc.*, 2012 WL 569389, at *6 (C.D. Cal. Feb. 21, 2012) (Carter, J.). This lawsuit arises out of the same operative facts as *Kincheloe*—American's offer of the March and July 2020 VEOPs. Indeed, this case turns on an identical alleged misrepresentation that Plaintiffs actually litigated in *Kincheloe:* that American misrepresented in April 2020 that there would be no additional VEOPs. *Kincheloe* Compl. ¶¶ 20, 56; *see supra* at 5. To be sure, this case "attach[es] a different legal label" to that alleged misrepresentation. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003). Plaintiffs allege five common-law claims instead of a claim under the ADEA. But *res judicata* bars claims that could have been brought in an earlier suit: "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id*. at 1078. Having elected not to pursue their common-law claims in *Kincheloe*, Plaintiffs cannot assert them now.[4]

**Final judgment.** Last, *Kincheloe* resulted in a final judgment entitled to preclusive effect. *Kincheloe* was dismissed with prejudice, 2022 WL 1409235, at *1, and a "dismissal with prejudice" satisfies this prong. *Stewart*, 297 F.3d at 956.

Thus, each element of *res judicata* is satisfied. Accordingly, Plaintiffs'

---

[4] The fact that Plaintiffs opted in to a collective action does not change the analysis. As parties enjoying "the same status in relation to the claims of the lawsuit as … the named plaintiffs," *Campbell*, 903 F.3d at 1105 (alterations omitted), Plaintiffs "could have sought amendment to include" whatever additional claims they thought proper, *Almaznai v. S-L Distrib. Co.*, 2021 WL 4457025, at *7 (N.D. Cal. June 21, 2021) (quoting *Hanna v. S-L Distrib. Co.*, 2021 WL 51581, at *4 (M.D. Pa. Jan. 6, 2021)); *see also Scott v. Chipotle Mexican Grill, Inc*., 300 F.R.D. 193, 199 (S.D.N.Y. 2014) (granting motion to amend collective action to add opt-in plaintiffs' state-law claims).

1   complaint should be dismissed with prejudice.  *See Kowbel v. Univ. of S. Cal.*, No.

2   2019 WL 13241612, at *8 (C.D. Cal. Oct. 22, 2019), *aff'd*, 827 F. App'x 794 (9th

3   Cir. 2020).

4   **II.   PLAINTIFFS RELEASED THEIR CLAIMS**

5          Plaintiffs' claims against American also fail because Plaintiffs released their

6   claims.

7          In their complaint, Plaintiffs admit that "they signed [a] waiver of claims,"

8   Compl. ¶ 29, that is part of "[t]he VEOP," *id*. ¶ 32.  Each release is identical,

9   specifying in relevant part that each Plaintiff "releases and forever discharges, and

10  covenants not to sue, American" for "all claims," including "without limitation"

11  claims for "breach of contract," "breach of covenant of good faith and fair dealing,"

12  "fraud," "negligence," and "any tort claim."  *E.g.*, Robertson Decl. Ex. 2, ¶ 3; *see*

13  *supra* at 4.  Later in the agreement, Plaintiffs agreed that Texas law would govern

14  any disputes about the release and that any action would be initiated in Tarrant

15  County, Texas.  *E.g.*, Robertson Decl. Ex. 2, ¶ 7.

16         Plaintiffs acknowledge that this choice-of-law provision in the release

17  controls.  *See* Compl. ¶¶ 32-33.  And under Texas law, a release of liability

18  "operates to extinguish the claim or cause of action as effectively as would a prior

19  judgment between the parties and is an absolute bar to any right of action on the

20  released matter." *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505,

21  508 (Tex. 1993).  Such releases are enforceable because "[o]ne is presumed to

22  intend what he does or undertakes to do by the terms of a written instrument

23  voluntarily signed by him." *Nat'l Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d

24  419, 426 (Tex. 2015) (quoting *Indem. Ins. Co. of N. Am. v. W.L. Macatee & Sons*,

25  101 S.W.2d 553, 556 (Tex. Comm'n App. 1937)).

26         Plaintiffs' claims are thus barred by the releases they signed.  The releases—

27  which are noted prominently in the title of the document each Plaintiff signed—

28  unambiguously cover each of the five causes of action Plaintiffs assert.  They bar

all claims for "fraud," "negligence," "breach of contract," "breach of covenant of good faith and fair dealing," and "any tort." *See supra* at 4.  Consequently, all of Plaintiffs' claims are "forever discharge[d]" and cannot be pursued here. *E.g.*, Robertson Decl. Ex. 2, ¶ 3.

## III.   PLAINTIFFS' CLAIMS ALL FAIL BECAUSE THEY DO NOT ALLEGE A MISREPRESENTATION

In addition to these fatal threshold defects, Plaintiffs' complaint fails for the additional and independent reason that Plaintiffs have not plausibly alleged that American made "false" representations concerning the March 2020 VEOP.  Compl. ¶ 27.  Every count of the complaint depends on that contention. *See id.* ¶ 36 (Count 1); *id.* ¶ 45 (Count 2); *id.* ¶ 54 (Count 3); *id.* ¶ 61 (Count 4); *id.* ¶ 66 (Count 5).  But the complaint itself demonstrates that American did not make a false statement.

In March 2020, American offered two programs to its flight attendants: (i) the March VEOP and (ii) a voluntary leave program.  Through March and April of that year, and in response to employee feedback, American "added extra incentives" to the programs and "extended the deadline" to decide whether to accept them.  Compl. ¶ 26.  Then, on April 3, 2020, American made the following statement that Plaintiffs allege is false and underlies each of their claims:

> We first announced voluntary leave and early out options more than two weeks ago. Since then, we've added extra incentives like pay and expanded benefits based on your feedback. The company has also extended the deadline with each change to give team members more time to make a decision.  However, these proposals are now locked in. **There won't be any more changes to the plans**, and deadline of Monday, April 6, 2359 CT is firm.

*Id.* (emphasis amended).  Plaintiffs contend that the bolded statement is false because American offered a "new and improved VEOP" in July 2020 that contained different terms. *Id.* ¶ 30.

Plaintiffs' theory that American "changed" the "plans" in existence in April 2020 by creating a new VEOP in July is a non-starter.  As Plaintiffs themselves allege, the July 2020 VEOP was a "new and improved VEOP," *id.*; it was not a

"change" to the prior VEOP.  That is also consistent with Plaintiffs' pleadings in *Kincheloe*, which likewise described the July 2020 VEOP as "another early retirement plan," Appellants' Opening Br., *Kincheloe v. Am. Airlines, Inc.*, 2022 WL 4370059, at *7 (9th Cir. No. 22-15726), and a "new offer," *Kincheloe* Compl. ¶ 56.  And it is consistent with how the *Kincheloe* court described the July VEOP: it was not a change to the first VEOP, but rather a "second VEOP."  *Kincheloe*, 2022 WL 1409235, at *2.  No reasonable person in Plaintiffs' position would have understood American's statements that "*these* proposals are locked in," so that "[t]here won't be any more *changes* to *the plans*," to be a promise not to create an entirely "new" and different plan at some point in the future as the circumstances required, especially in the face of a rapidly changing global pandemic.

Context confirms this understanding.  The first sentence of the April 3 update quoted by Plaintiffs make expressly clear that "the plans" American stated it would not "change" were the "voluntary leave and early out options [i.e., the March VEOP]" it had announced a few weeks prior.  Robertson Decl. Ex. 1.  And the second sentence of that update makes clear the types of "changes" American was referencing.  American had made changes to the March 2020 VEOP and voluntary leave program by "add[ing] incentives like pay and expanded benefits based on [employee] feedback," and also "extended the deadline with each change to give team members more time to make a decision."  *Id*.  So when American stated in the same paragraph that "these proposals were now locked in" and that "[t]here won't be any more changes to the plans," it was clear to any reasonable reader that what American meant:  It would be making no further changes to the March 2020 VEOP and voluntary leave program before the April 6, 2020 acceptance deadline.

Thus, the text and context demonstrate that no reasonable person could read American's April 2020 statement that "[t]here won't be any more changes to the plans" offered in March 2020 to foreclose American from creating entirely new and different plans at a later point in time.  And because Plaintiffs identify no other

actions that allegedly contradict American's April 2020 statement, they have not plausibly alleged a misrepresentation.[5]

## IV.  PLAINTIFFS' CLAIMS FAIL FOR ADDITIONAL REASONS

### A.  Plaintiffs' Negligent Misrepresentation and Unjust Enrichment Claims Are Time-Barred (Counts 2 and 5)

Count 2 (negligent misrepresentation) and Count 5 (unjust enrichment) also fail because they are untimely.  Plaintiffs assert that Texas law governs this action.  Compl. ¶¶ 32-33.[6]  Under Texas law, a "two-year statute" of limitations applies to "claims for negligent misrepresentation" and "claim[s] for unjust enrichment." *HECI Exploration Co v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998).  Plaintiffs allege that American made representations in March and April 2020, Compl. ¶¶ 24-29, that became false when American created a new VEOP in July 2020, *id.* ¶ 30.  But Plaintiffs did not file their complaint until April 6, 2024—years after the conclusion of the two-year limitations period.  Accordingly, Counts 2 and 5 are time-barred.

---

[5] Even if the April statement could be read to mean that American would not offer a more generous retirement package in the future, it would be the functional equivalent of a "best or final offer."  *Marburger v. Seminole Pipeline Co.*, 957 S.W.2d 82, 87 (Tex. App. 1997).  That type of statement is "not actionable as a matter of law" in Texas.  *Id.*

[6] Plaintiffs need Texas law to govern this suit because nearly all of their claims would be untimely if California law applied.  California has a three-year statute of limitations for fraud, negligent misrepresentation, and unjust enrichment.  Cal. Civ. Proc. Code § 338(d); *see Bank of N.Y. Mellon v. Citibank, N.A.*, 8 Cal. App. 5th 935, 956 (Cal. App. 2d Dist. 2017), as modified Mar. 1, 2017; *Fed. Deposit Ins. Corp. v. Dintino*, 167 Cal. App. 4th 333, 348 (Cal. App. 4th Dist. 2008).  It has a two-year statute of limitations for implied-covenant-of-good-faith claims.  Cal. Civ. Proc. Code § 339(1); *see Bennett v. Ohio Nat'l Life Assurance Corp.*, 92 Cal. App. 5th 723, 728 (Cal. App. 1st Dist. 2023).  So only the breach-of-contract claim would be within the applicable statute of limitations, and that claim fails for the same reasons under California law that it fails under Texas law.

1  **B.     Plaintiffs Do Not Plausibly Allege that American Breached Any**
2  **Contractual Promise (Count 3)**

3          Plaintiffs' breach of contract claim fails because Plaintiffs do not allege that

4  American breached any term of its contracts with Plaintiffs.  Rather, their theory is

5  that American breached its agreement through its "fraudulent conduct in offering

6  more favorable terms in the July 2020 VEOP."  Compl. ¶ 55.  But American never

7  made a contractually binding promise not to offer another VEOP.  *See, e.g.*,

8  *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex.

9  2019) (setting out elements of breach of contract).

10         Contrary to Plaintiffs' position, American's statement that "[t]here won't be

11  any more changes to the plans" was not an offer for an additional contract term if

12  Plaintiffs accepted the VEOP.  Rather, it was a statement *about* the March VEOP

13  offer—American's offer would not change and the deadline for accepting was April

14  6.  Put differently, unlike an offer of a contractual term, American's statement that

15  "[t]here won't be any more changes to the plans" was not conditioned on Plaintiffs'

16  acceptance.  Restatement (Second) of Contracts § 17(1) (1981) ("formation of a

17  contract requires a bargain").

18         The written agreement between the parties confirms this understanding:  It

19  contains no promise by American to refrain from ever offering another retirement

20  package to its flight attendants.  *See* Robertson Decl. Exs. 2-12.  In fact, that

21  agreement includes a merger clause explicitly stating that it "constitutes and

22  contains the entire agreement and understanding between the Parties concerning

23  Employee's participation in the VEOP and supersedes and replaces any prior

24  negotiations and/or all agreements, proposed or otherwise, whether written or oral,

25  concerning the VEOP and General Release."  *E.g.*, Robertson Decl. Ex. 2, ¶ 8.  This

26  clause squarely forecloses Plaintiffs' (misplaced) reliance on American's April 3

27  statement as providing an additional contract term.  *Italian Cowboy Partners, Ltd.*

28  *v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 334 (Tex. 2011); *ISG State*

-14-

*Operations, Inc. v. Nat'l Heritage Ins. Co.*, 234 S.W.3d 711, 719 n.10 (Tex. App. 2007).

In short, because Plaintiffs identify no contractual term that American breached, they have failed to state a claim for breach of contract, and Count 3 should be dismissed for this reason as well.

### C.   Plaintiffs Do Not Plausibly Allege a Breach of the Covenant of Good Faith and Fair Dealing (Count 4)

Plaintiffs' claim for breach of the covenant of good faith and fair dealing is also foreclosed by Texas law.  First, because Plaintiffs failed to state a viable breach of contract claim (*see supra* Section IV.C), they have also failed to state a claim for breach of the covenant of good faith.  *See, e.g.*, *Chartis Specialty Ins. Co. v. Tesoro Corp.*, 930 F. Supp. 2d 653, 668 (W.D. Tex. 2013) ("In general, a claim for breach of the implied covenant of good faith and fair dealing cannot exist absent a breach of contract."); *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (similar).

Second, Plaintiffs' theory is that American owed that duty "[a]s a result of the employment relationship that existed between Plaintiffs and" American. Compl. ¶ 60.  But Texas law does not permit employees to invoke the covenant of good faith and fair dealing against their employers.  The Texas Supreme Court "has imposed an actionable duty of good faith and fair dealing only when there is a special relationship" between the parties.  *City of Midland v. O'Bryant*, 18 S.W.3d 209, 215 (Tex. 2000).  And it has held that such a relationship does not exist in the context of "the relationship between an employer and its employees."  *Id.*  That rule, the court explained, is absolute: it applies to both "employment at-will and employment governed by an express agreement."  *Id.* at 216.  The court has therefore concluded as a categorical matter that "there is no duty of good faith and fair dealing in the employment context."  *Id.*  This rule is fatal to Plaintiffs' fourth claim.

## V. IN THE ALTERNATIVE, THIS MATTER SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF TEXAS

In the alternative, the Court should transfer this action to the Northern District of Texas, Fort Worth Division.  The agreements each Plaintiff signed included a clause providing that "any legal action relating to this General Release"—that is, the VEOP agreement—"shall be instituted and prosecuted in Tarrant County, Texas"—which is where the Northern District of Texas, Fort Worth Division is located.  *E.g.*, Robertson Decl. Ex. 2, ¶ 7; *see supra* at 4.  That language squarely covers Plaintiffs' claims here.  The Court should accordingly enforce the forum-selection clause if it does not dismiss this case.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (noting that courts have leeway "to choose among threshold grounds for denying audience to a case on the merits").

All of Plaintiffs' claims "relat[e]" to the March 2020 VEOP agreement.  The Ninth Circuit has explained that "forum-selection clauses covering disputes 'relating to' a particular agreement apply to any disputes that reference the agreement or have some 'logical or causal connection' to the agreement."  *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018) (quoting *John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1074 (3d Cir. 1997) (Alito, J.)).  "The dispute need not grow out of the contract or require interpretation of the contract in order to relate to the contract."  *Id.*  Here, Plaintiffs assert that American made false statements to persuade them to enter into the agreement, only to later breach the agreement itself.  Compl. ¶¶ 34-67.  And that assertion not only turns on the existence of the agreement, it requires interpreting the agreement's merger and release clauses, as well as the promises each party made.  *See supra* at 10-11, 13-15.  There is therefore a direct "logical or causal connection" to the agreement Plaintiffs signed.  *Sun*, 901 F.3d at 1086.

MEM. OF PTS. & AUTHS.
8:24-CV-00791

1    Where, as here, a forum-selection clause applies to a dispute, that clause

2    should be "given controlling weight in all but the most exceptional cases." *Atl.*

3    *Marine Constr. Co., Inc.*, 571 U.S. at 59-60.  When "parties agree to a forum-

4    selection clause, they waive the right to challenge the preselected forum as

5    inconvenient or less convenient for themselves or their witnesses, or for their

6    pursuit of the litigation." *Id.* at 64.  Instead, "the interest of justice is served by

7    holding parties to their bargain." *Id.* at 66 (internal quotation marks omitted).

8    Accordingly, if the Court does not dismiss this suit, it should transfer this

9    action to the venue—the Northern District of Texas, Fort Worth Division, which

10   encompasses Tarrant County—where the parties agreed to litigate these issues.

11                                   **CONCLUSION**

12   For this multitude of reasons, Plaintiffs fail to state a claim and the complaint

13   should be dismissed.  In the alternative, this case should be transferred to the

14   Northern District of Texas, Fort Worth Division.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEM. OF PTS. & AUTHS.
                                                                8:24-CV-00791

1

Dated: May 7, 2024                                **O'MELVENY & MYERS LLP**

2

3                                                    By:  */s/ Mark W. Robertson*

4                                                    Mark W. Robertson

5                                                    Mark W. Robertson

6                                                    mrobertson@omm.com
                                                     7 Times Square
7                                                    New York, NY 10036

8                                                    Telephone:   +1 212 326 2000
                                                     Facsimile:    +1 212 326 2061
9

10                                                   Jason Zarrow
                                                     jzarrow@omm.com
11                                                   Kelly Wood

12                                                   kwood@omm.com
                                                     400 South Hope Street, 18th Floor
13                                                   Los Angeles, CA 90071-2899

14                                                   Telephone:   +1 213 430 6000
                                                     Facsimile:    +1 213 430 6407
15

16                                                   *Attorneys for Defendant American
                                                     Airlines, Inc.*
17

18

19

20

21

22

23

24

25

26

27

28

MEM. OF PTS. & AUTHS.
                                                         8:24-CV-00791